UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| RAFAEL MARTINEZ, § | |
| § | |
| Defendant/Petitioner, § | |
| § | CRIMINAL ACTION V-06-92 |
| v. § | |
| § | CIVIL ACTION V-08-84 |
| UNITED STATES OF AMERICA, § | |
| § | |
| Plaintiff/Respondent. § | |

## MEMORANDUM OPINION & ORDER

Pending before the Court is Defendant/Petitioner Rafael Martinez' ("Martinez") Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Dkt. No. 51).[1] The Court ordered the United States ("the Government") to respond, and the Government filed a motion titled "United States' Motion for Summary Judgment Pursuant to Movant's Plea Agreement Waiver; Alternatively, the United States' Response and Motion to Dismiss § 2255 Motion and the Government's Motion" (Dkt. No. 62), to which Martinez filed a response (Dkt. No. 67). After considering the parties' arguments and the applicable law, the Court is of the opinion that Martinez' Motion to Vacate, Set Aside, or Correct Sentence should be **DENIED** and the Government's motion should be **GRANTED**.

### Background

On October 25, 2006, Martinez was indicted on the charge of conspiracy to possess with intent to distribute more than 50 kilograms of marijuana in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(C). (Dkt. No. 1.) On September 12, 2007, Martinez pled guilty to the sole count in the Indictment. (Dkt. No. 38 ¶ 1.) As stated by the Memorandum of Plea Agreement, the Government agreed to recommend that Martinez receive a two-level credit for

---

1. Citations in this Order refer to Criminal Action No. V-06-92.

1

acceptance of responsibility and a sentence within the applicable guideline range. (*Id.* ¶ 2.) Additionally, should Martinez provide substantial assistance to the Government pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e), the Government would recommend a reduction in Martinez' sentence. (*Id.* ¶ 3.) The agreement stated that neither the Government, nor any other law enforcement officer, could guarantee what sentence the Court would ultimately impose, and advised Martinez that the applicable sentencing guideline range was advisory only. (*Id.* ¶¶ 5 & 6.) The agreement also provided that Martinez understood that he could receive a sentence of imprisonment of up to twenty years. (*Id.* ¶ 6.) Through the agreement, Martinez waived his right to appeal or collaterally attack his conviction and sentence. (*Id.* ¶ 7.)

Based on Martinez' Presentence Investigation Report (PSI) (Dkt. No. 42), the Court determined that the applicable sentencing guideline range was 87 to 108 months imprisonment. (Dkt. No. 46 ¶ III.) On December 17, 2007, the Court sentenced Martinez to 87 months incarceration in the Bureau of Prisons, 3 years supervised release, and a special assessment of $100.00. (Dkt. No. 45.) In accordance with the plea agreement, Martinez filed no appeal.

## Claims and Allegations

The Court understands Martinez to challenge his sentence on the grounds that his trial counsel provided ineffective assistance of counsel by:

(1) advising Martinez of the wrong range of punishment before he signed the plea agreement;

(2) allowing the Court to adopt the PSI's finding as to the amount of drugs involved;

(3) allowing the Court to breach the contractual plea agreement;

(4) failing to object and argue that the guidelines are advisory;

(5) failing to object that Martinez' sentence was imposed in violation of *United States v. Booker*, 543 U.S. 220 (2005);

(6) failing to object to the criminal history category, and

(7) failing to argue for an additional one point reduction based on acceptance of responsibility.

## Evidentiary Hearing

A hearing is not required to dispose of a § 2255 petition if "'the motion, files, and record of the case conclusively show that no relief is appropriate.'" *United States v. Samuels*, 59 F.3d 526, 530 (5th Cir. 1995) (quoting *United States v. Santora*, 711 F.2d 41, 42 (5th Cir. 1983); *see also Randle v. Scott*, 45 F.3d 221, 226 (5th Cir. 1995) (citing *United States v. Smith*, 915 F.2d 959, 964 (5th Cir. 1990)) (concluding that if the record is adequate to fairly dispose of the petition, no hearing is required). No evidentiary hearing is required in this case.

## Standard

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: (1) constitutional issues; (2) challenges to the district court's jurisdiction to impose the sentence; (3) challenges to the length of a sentence in excess of the statutory maximum; and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).

**Analysis**

As a general rule, "[a] voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked." *Mabry v. Johnson*, 467 U.S. 504, 508 (1984). Likewise, "a plea's validity may not be collaterally attacked merely because the defendant made what turned out, in retrospect, to be a poor deal." *Bradshaw v. Stumpf*, 545 U.S. 175, 186 (2005). A defendant's waiver of his statutory right to collaterally challenge his conviction or sentence with a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, like the guilty plea itself or a waiver by a defendant of his right to appeal, is generally enforceable if the waiver is both knowing and voluntary. *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994); *United States v. McKinney*, 406 F.3d 744, 746-47 & n. 5 (5th Cir. 2005).[2]

Martinez claims that his "plea waiver was unknowing or involuntary based upon ineffective assistance of counsel . . . ." (Dkt. No. 51 at 5, ¶ 12(a) (emphasis added).) When a defendant claims that the waiver was tainted because his counsel was ineffective in negotiating the plea agreement or otherwise affected the voluntariness of the plea, such claim *may* survive the waiver. *United States v. White*, 307 F.3d 336, 339 (5th Cir. 2002) (citing *Wilkes*, 20 F.3d at 653). However, the record demonstrates that Martinez' plea, and therefore waiver, were both knowing and voluntary.

At his re-arraignment hearing, Martinez pled guilty under oath and stated that he understood that he was waiving his right to appeal his conviction and sentence, both directly

---

2. Such waivers, however, do not "preclude review of a sentence that exceeds the statutory maximum." *United States v. Hollins*, 97 Fed. Appx. 477, 479 (5th Cir. 2004). In the context of a plea agreement waiver, a sentence exceeds the statutory maximum only when it exceeds the maximum allowed by statute. *United States v. Bond*, 414 F.3d 542, 546 (5th Cir. 2005). Martinez' sentence does not exceed the statutory maximum-that is, the maximum sentence allowed by statute. *See* 21 U.S.C. § 841(b)(1)(C) (providing for a maximum term of imprisonment of twenty years).

and collaterally under § 2255. (Tr., Dkt. No. 60 at 5—6.) Martinez also told the Court that he was "more than pleased" with defense counsel and indicated that counsel had explained the plea agreement to him, that he understood the agreement, and that he had signed the agreement voluntarily. (*Id.* at 11—12.) When the Court explained to Martinez that the prosecutor's sentencing recommendation was not binding on the Court, Martinez stated that he understood this as well. (*Id.* at 18.) Following this colloquy, the Court explicitly found that Martinez' guilty plea was a knowing and voluntary plea. (*Id.* at 26.)

Because Martinez' plea agreement and waiver of appellate and collateral review rights were knowingly, voluntarily, and intelligently entered, the plea agreement waiver of his right to collaterally attack his conviction or sentence under § 2255 is enforceable and bars the instant motion. Pursuant to Martinez' plea agreement waiver, the Government is entitled to summary judgment as to all of Martinez' claims. Martinez has not shown that he is entitled to relief, and his § 2255 motion is therefore denied.

## Certificate of Appealability

Under 28 U.S.C. § 2253, Martinez must obtain a certificate of appealability (COA) before he can appeal this Order dismissing his petition. To obtain a COA, Martinez must make a substantial showing of the denial of a constitutional right. *Cannon v. Johnson*, 134 F.3d 683, 685 (5th Cir. 1998). To make such a showing, Martinez must demonstrate that issues are debatable among jurists of reason; that a court could resolve the issues in a different manner; or that the questions are adequate to deserve encouragement to proceed further. *Lucas v. Johnson*, 132 F.3d 1069, 1073 (5th Cir. 1998). For the reasons stated in this Order, Martinez has not made a substantial showing of the denial of a constitutional right. The issuance of a COA in this action is denied.

**Conclusion**

For the foregoing reasons, Martinez' Motion to Vacate, Set Aside, or Correct Sentence (Dkt. No. 51) is **DENIED;** the Government's Motion for Summary Judgment (Dkt. No. 62) is **GRANTED**; the Government's Motion to Expand the Record (Dkt. No. 63) is **DENIED** as moot; and Martinez' Motion to Amend (Dkt. No. 65) is **DENIED** as moot.

It is so **ORDERED**.

Signed this 17th day of March, 2010.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE